UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BENJAMIN LEE HARRIS,                 Case No. 17-CV-0326 (MJD/FLN)

           Petitioner,

v.                                                 REPORT AND RECOMMENDATION

JOE PAGET, Under Sheriff,

           Respondent.

Petitioner Benjamin Lee Harris filed the pending petition for a writ of habeas corpus while detained at the Ramsey County Law Enforcement Center awaiting trial on criminal charges in state court. *See* 28 U.S.C. § 2241. Harris sought release from his detention and dismissal of the criminal prosecution on the grounds that police lacked probable cause to arrest him, that there is insufficient evidence upon which to sustain a prosecution, and that his due process rights have been violated through an impermissibly suggestive identification procedure.

On February 23, 2017, this Court noted that, by all indications, Harris had not exhausted state remedies for his claims. *See* ECF No. 7. "A body of case law has developed holding that although § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Thus, "[a]lthough § 2241 does not expressly require exhaustion, federal courts have consistently required pretrial detainees to exhaust their claims in state court first, as a matter of comity." *Castillo-Alvarez v. Hawkinson*, No. 10-CV-4187, 2011 WL 3759828, at *3 (D. Minn.

Aug. 4, 2011) (collecting cases). Full exhaustion requires presentment of the federal claims not only before the trial court, but also on appellate review either before or after trial.

Harris was ordered to show cause within 20 days why his habeas corpus petition should not be dismissed without prejudice for failure to exhaust state remedies. *See* ECF No. 7 at 2. That deadline has since passed, and Harris has not responded to the order to show cause. As previously explained by this Court, there is no indication that Harris has fully exhausted state remedies for his pretrial claims, and there is no reason to believe that the Minnesota courts are not capable of vindicating Harris's federal constitutional rights. Moreover, although certain substantive claims (such as claims that a pretrial detainee's constitutional double-jeopardy or speedy-trial rights have been, or are about to be, violated in the state courts) are exempt from this exhaustion requirement, *see Braden v. 30th Judicial Circuit Ct. of Kentucky*, 410 U.S. 484, 489-90 (1973); *Satter v. Leapley*, 977 F.2d 1259, 1261 (8th Cir. 1992), Harris is not raising such claims in his habeas corpus petition.

Accordingly, and in accordance with this Court's previous order to show cause, it is hereby recommended that Harris's habeas corpus petition be dismissed without prejudice for failure to exhaust state remedies. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.[1] Because an application to proceed *in forma pauperis* should be denied where a habeas corpus petition cannot be entertained, *see Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996), this Court also recommends that Harris's pending IFP application be denied. And because it is highly unlikely that any other court, including the Eighth Circuit Court

---

[1] Although Harris brings his petition under § 2241, not § 2254, the Rules Governing Section 2254 Cases nevertheless apply here. *See* Rule 1(b).

of Appeals, would treat Harris's current habeas corpus petition differently than it is being treated here, it is further recommended that a certificate of appealability not be issued. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a certificate of appealability where a petitioner seeks to take an appeal from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court.").

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. The petition for a writ of habeas corpus of petitioner Benjamin Lee Harris [ECF No. 1] be DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies.

2. Harris's application to proceed *in forma pauperis* [ECF No. 2] be DENIED.

3. No certificate of appealability be issued.

Dated: March 27, 2017            *s/Franklin L. Noel*
                                 Franklin L. Noel
                                 United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.